**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-4051

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

CHRISTOPHER RON HILL,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00081-WO-1)

_____

Submitted:  November 3, 2022                    Decided:  November 15, 2022

_____

Before NIEMEYER, AGEE, and DIAZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Seth A. Neyhart, LAW OFFICE OF SETH A. NEYHART, Durham, North Carolina, for Appellant.  Veronica Lynn Edmisten, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Ron Hill began serving a five-year term of supervised release in July 2018. In August 2021, the probation officer filed a petition alleging that Hill violated the terms of his supervised release by committing another federal, state, or local crime, and using a controlled substance. Although the district court found Hill had violated the terms of his supervised release by using a controlled substance, the court decided not to revoke Hill's supervised release; instead, it continued him on supervision but modified the conditions of his supervision to include participation in a location monitoring home detention program. Hill seeks to appeal this order.

While this appeal was pending, Hill committed additional violations of his supervised release. This time, the district court revoked Hill's supervision and sentenced him to 29 months' imprisonment, but ordered no additional terms of supervision. Hill has not appealed this order.

On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for review, but questioning whether the district court erred in failing to allow Hill to allocute, disregarding Hill's participation in substance abuse programs in imposing the new condition, allowing the probation officer to begin enforcing the location monitoring home detention condition before the entry of a written order, and considering the probation officer's testimony. Counsel also suggests that this appeal is now moot because Hill is no longer subject to the home detention condition. We agree and dismiss this appeal as moot.

2

Before addressing the merits of an appeal, we must first consider whether it presents "a live case or controversy . . . since mootness goes to the heart of the Article III jurisdiction of the courts." *Castendet-Lewis v. Sessions*, 855 F.3d 253, 260 (4th Cir. 2017). "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (cleaned up). That is because "federal courts have no authority to give opinions upon moot questions . . . or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Id.* (internal quotation marks omitted).

Although the procedural posture of this case is unusual, the district court did not intend to revoke Hill's supervised release at the December 2021 hearing or in its January 2022 written order. Instead, it continued Hill's term of supervised release but imposed an additional condition of supervised release—the location monitoring home detention program. Hill violated the terms of this program (and committed other violations), prompting a new round of revocation proceedings. The district court then revoked Hill's supervised release and imposed no additional term of supervision. Thus, Hill is no longer subject to the home detention condition he sought to challenge, and that condition will not be reimposed upon his release from his current term of imprisonment. Even if we were to consider the home detention condition to constitute a term of imprisonment, this appeal is still moot because Hill is no longer serving that sentence. *See United States v. Hardy*, 545 F.3d 280, 284-85 (4th Cir. 2008).

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no grounds upon which we have jurisdiction.  We therefore dismiss this appeal as moot.  This court requires that counsel inform Hill, in writing, of the right to petition the Supreme Court of the United States for further review.  If Hill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Hill.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*